TONY MASUCK & others *vs.* CITY OF SPRINGFIELD & others. March 14, 1966. This case is governed by *McDonough* v. *Lowell, ante*, 214. The final decree is reversed. A new final decree is to be entered declaring that each of the plaintiffs, while he remains employed by the city in a position subject to a remuneration plan referred to in St. 1951, c. 245, § 1, and while the city remains subject to that section, is entitled to receive the salary payable to a civil engineer or inspector of his grade employed by the State department of public works.

*So ordered.*

*Matthew J. Ryan, Jr.*, for the plaintiffs.
*John T. Quirk, Jr.*, City Solicitor, & *John J. O'Connor*, Associate City Solicitor, for the defendants, submitted a brief.

CHARLOTTE A. BUTTERS *vs.* HARRY BUTTERS. March 15, 1966. This case began as a libel for divorce by the wife against the husband entered in September, 1952. The divorce was granted and the wife awarded alimony and custody of two minor daughters. Subsequently there have been many petitions for contempt and disputes over custody. The case was here in 1963 on an appeal of the husband. 345 Mass. 772. It is now before us on the husband's appeal from a decree of contempt dated January 1, 1965. This decree was entered by a judge who, the docket shows, made an order disqualifying himself on October 19, 1961. We are not sure from the confused record whether other matters are intended to be the subject of present appeal. We are of opinion that this decree should be reversed, and that all pending matters should be heard anew by another judge from another county to be assigned by the chief judge of probate courts. Such hearing will include the petition for contempt and any questions of visitation.

*So ordered.*

*Harry Butters*, pro se.